UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DESMOND DAVID JOICE,<br><br>    Petitioner,<br><br>    v.<br><br>BRUNO STOLC, Warden,<br><br>    Respondent. | Case No. CV 13-04630-DFM<br><br>OPINION AND ORDER |

Respondent moves to dismiss Petitioner's claims because the California Supreme Court never reviewed their merits, instead rejecting them on procedural grounds. The Court agrees that Petitioner's claims are unexhausted because they were not pleaded with particularity in state court. Therefore, the Court must grant Respondent's motion and dismiss this action without prejudice.

## I.
## BACKGROUND

On February 9, 2012, in Los Angeles County Superior Court Case No. MA054890, Petitioner Desmond Joice ("Petitioner") pleaded no contest to corporal injury to a spouse or cohabitant. Petitioner also admitted a great

bodily injury allegation and a prior strike conviction allegation. Petitioner was sentenced to a total term of seven years in state prison. See Respondent's Notice of Lodging, Lodged Document ("LD") 1.

Petitioner filed a direct appeal of his conviction to the California Court of Appeal. Counsel for Petitioner raised no arguable issues, but requested that the appellate court independently review the record for errors in accordance with the procedures of People v. Wende, 25 Cal. 3d 436 (1979). On December 31, 2012, the California Court of Appeal affirmed the judgment. LD 2. Petitioner apparently did not file a petition for review in the California Supreme Court.

Before his direct appeal was decided, Petitioner filed petitions for writ of habeas corpus in both the Los Angeles County Superior Court and the California Supreme Court, alleging that his trial counsel rendered ineffective assistance of counsel and that he was mentally incompetent when he pleaded no contest. LD 3, 5. The Superior Court denied the petition on June 13, 2012, for failing to state a prima facie case for relief. LD 4. The California Supreme Court denied the petition on June 20, 2012, with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). LD 6.

On March 9, 2013, Petitioner filed a second petition for writ of habeas corpus in the California Supreme Court, raising the same issues of ineffective assistance of counsel and mental incompetence. LD 7. The court denied this second petition on May 15, 2013, again citing Duvall. LD 8. Petitioner has not sought further state habeas relief.

On June 26, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court. Dkt. 1 ("Petition"). On July 15, 2013, Petitioner filed a letter attaching several exhibits to the Petition. Dkt. 5. On July 31, 2013, the previously-assigned U.S. Magistrate Judge ordered the Petition be deemed amended to include the exhibits accompanying Petitioner's

2

letter filed July 15, 2013. Dkt. 6. On September 25, 2013, this Court dismissed the amended Petition with leave to amend, finding that Petitioner had not stated his claims as federal constitutional claims and that it appeared that one or more claims were unexhausted. Dtk. 9. The Court ordered Petitioner to file a Second Amended Petition within 35 days. Id.

On November 5, 2013, Petitioner filed a Second Amended Petition alleging the same grounds for habeas relief. Dkt. 10 ("SAP"). Petitioner argues that his trial counsel provided ineffective assistance of counsel and that he was incompetent to stand trial. Id. at 5-6.

On March 4, 2014, Respondent filed a motion to dismiss the SAP on the ground that both claims raised in the SAP are unexhausted. Dkt. 23. Petitioner failed to file an opposition to the motion to dismiss in the time allowed.

## II.
## DISCUSSION

The California Supreme Court twice denied habeas petitions containing Petitioner's ineffective assistance and mental incompetence claims with reference to Duvall. The question raised by Respondent's motion to dismiss is whether these denials properly exhausted these claims.

A.  **Applicable Law**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in the state courts.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th

---

[1] The statute provides two exceptions to this requirement, where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2255(b)(1)(B). Neither is applicable here.

Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Duvall – the case cited by the California Supreme Court when it dismissed both of Petitioner's habeas petitions – stands for the proposition that a habeas petition must "both (i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." 9 Cal. 4th at 474 (internal citations omitted). The Ninth Circuit has held that a denial of a state habeas petition with a citation to Duvall is deemed a denial on procedural grounds, leaving state remedies unexhausted. See Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005) ("In light of its citations to Swain and Duvall, we read the California Supreme Court's denial of [the petitioner's] ... habeas application as, in effect, the grant of a demurrer, i.e., a holding that [the petitioner] had not pled facts with sufficient particularity."), modified on other grounds, 447 F.3d 1165 (9th Cir. 2006); Harris v. Superior Ct., 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient . . . then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the

constitutional violation.").

However, the the California Supreme Court's citation to Duvall does not establish per se that Petitioner failed to exhaust his claims. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). Rather, this Court is required to "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements and alleged his claims 'with as much particularity as is practicable.'" Barrera v. Att'y Gen. of California, 473 F. App'x 748, 749 (9th Cir. 2012) (quoting Kim, 799 F.2d at 1320).

When the California Supreme Court denies a habeas petition on procedural grounds, and those grounds do not preclude that court's future consideration of the claims, the claims are unexhausted. See McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir. 1986) (California Supreme Court's denial of a habeas petition on procedural grounds means that the exhaustion requirement is not necessarily met if the petitioner "may still be able to use available procedures to give the state court a first opportunity to rule on the merits of [the] federal claims."). Under California law, a Duvall-type deficiency "can be cured in a renewed petition." Kim, 799 F.2d at 1318; see also Pombrio v. Hense, 631 F. Supp. 2d 1247, 1252-53 (C.D. Cal. 2009) (holding that petitioner had not exhausted his state remedies because the denial of his state habeas petition with a citation to Duvall could be corrected by "an amended or renewed petition with the California Supreme Court to rectify such defects").

**B.   Analysis**

This Court has independently reviewed the substance of Petitioner's state habeas petitions to determine whether he pleaded his claims to the state court with "as much particularity as practicable" in a way that fairly presented the issue. See Kim, 799 F.2d at 1320. The Court finds that Petitioner did not

fairly present his ineffective assistance and mental incompetence claims to the state supreme court.

### 1. Ineffective Assistance of Counsel

With respect to his claim of ineffective assistance of counsel, Petitioner alleged in the California Supreme Court that trial counsel provided ineffective assistance by failing to present an exculpatory video which allegedly showed Petitioner being attacked by the victim, and for failing to request a mental evaluation. See LD 7 at 3-4. After reviewing the habeas petition filed in the state supreme court, it is clear that Petitioner did not state this claim with sufficient factual particularity nor did he provide adequate record citation.

To establish an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), "a defendant must show both deficient performance and prejudice." Knowles v. Mirzayance, 556 U.S. 111, 122 (2009). Deficient performance is defined as representation that falls below an objective standard of reasonableness. Strickland, 466 U.S. at 688. As to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quotation omitted). "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002).

Without citing the record or providing any other evidence, Petitioner's habeas petition generally claims that the video was "never provided to the court[] to prove my claim of self defense." LD 7 at 3. But Petitioner does not explain how the video shows that his decision to plead no contest was the result of counsel's deficient performance. All Petitioner says is that his trial counsel told him he should "take the 7 years unless I was going to get 19 years." Id. This statement says nothing about the video.

Nor does Petitioner demonstrate prejudice. Again, he states that the

video shows him holding his son and then being "attack[ed]" by the baby's mother. But the California Court of Appeal's description is not to the contrary. "When [Petitioner]'s girlfriend confronted him about his leaving with the baby, [Petitioner] smacked her in the face knocking her unconscious." LD 2 at 2. "When she came to, [Petitioner] struck her several more times in the face knocking out a tooth and causing her to bleed from the mouth." Id. Based on this description, it is unclear how the video would have helped him, given the fact that Petitioner apparently brutally assaulted his girlfriend when confronted (or "attack[ed]").

Nor does Petitioner specifically allege any violation of his federal constitutional rights. Although Petitioner states that he received ineffective assistance of counsel, he does not specifically invoke the Sixth Amendment and he does not cite to the federal standard for claims of ineffective assistance established in Strickland. In order to fairly present federal claims in a state court petition, a petitioner must indicate that he is asserting federal claims. See Baldwin v. Reese, 541 U.S. 27, 32-33 (2004) (finding state court petition that alleged "ineffective assistance of counsel" insufficient to exhaust Sixth Amendment claim because state court petition did not indicate federal law basis for claim); Duncan, 513 U.S. 364, 366.

The Court thus concludes that Petitioner's state habeas petition offered no facts from which a court could plausibly find deficient performance or prejudice. Petitioner's conclusory state court pleading presented no facts to support a Strickland claim. The Court independently concludes that Petitioner failed to fairly present his ineffective assistance claim to the state supreme court.

### 2. Mental Incompetence

With respect to his claim of mental incompetence, Petitioner generally alleged in his filings with the California Supreme Court that he was

incompetent and did not understand his rights at the time of his no contest plea. Although his petition provides some details regarding his alleged mental disorder, such as that he was taking medication, had been hospitalized several times, and had been in special education programs in the past, he fails to provide any supporting documentation to establish that this mental disorder prevented him from understanding his rights at the time of his plea. See LD 7 at 3-4. Nor does he present any evidence showing that issues involving his competence were known to the trial court at the time of his no contest plea.

A defendant has a due process right not to be tried while incompetent. See Drope v. Missouri, 420 U.S. 162, 172 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966). Competence to stand trial requires (1) "sufficient present ability to consult with [a] lawyer with a reasonable degree of rational understanding" and (2) "a rational as well as factual understanding of the proceedings." Dusky v. United States, 362 U.S. 402, 402 (1960). When the evidence raises a bona fide doubt about the defendant's mental competence, due process requires a full competency hearing. Pate, 383 U.S. at 385; Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2011); Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir. 1991). The question to be asked by the reviewing court is "'whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial.'" Stanley, 633 F.3d at 860 (quoting de Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir. 1976) (en banc)).

"[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required"; any one of those factors "standing alone may, in some circumstances, be sufficient." Drope, 420 U.S. at 180. "There are, of course, no fixed or immutable signs which invariably

indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." Id.; accord McMurtrey v. Ryan, 539 F.3d 1112, 1118 (9th Cir. 2008).

Plaintiff offers no indication of what evidence raised a bona fide doubt about his mental competence. His habeas filings with the state courts attached no transcript or other evidence of record that would have prompted further inquiry into his mental competence. The Court thus concludes that Petitioner's state habeas petition offered no facts from which a court could plausibly find a valid claim based on mental incompetence. The Court independently concludes that Petitioner failed to fairly present his mental incompetence claim to the state supreme court.

Accordingly, the Court finds that Petitioner did not fairly present to the California Supreme Court his ineffective assistance and mental incompetence claims. Under AEDPA's exhaustion requirement, the Court cannot reach the merits of Petitioner's claims.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that the motion to dismiss the SAP is GRANTED. Let judgment be entered dismissing this action without prejudice.

Dated: April 29, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge